IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**DONALD MacFARLANE**, et al.,

    Plaintiffs,

v.

**STATE OF OREGON DEPARTMENT OF HUMAN SERVICES**, et al.,

    Defendants.

No. 3:17-cv-00032-PK

OPINION AND ORDER

**MOSMAN, J.,**

On August 14, 2017, Magistrate Judge Paul Papak issued his Findings and Recommendation ("F&R") [20], recommending DENYING Plaintiff Donald MacFarlane's ("MacFarlane") motion for summary judgment [8], GRANTING in PART and DENYING in PART the state Defendants' cross-motion to dismiss [15]. Specifically, Judge Papak recommended dismissing the minor-child plaintiffs' from this action without prejudice, dismissing MacFarlane's 42 U.S.C. § 1983 claims against S. Trommlitz-Leasia, L. Trommlitz-Leasia, and / or Janice with prejudice, and dismissing MacFarlane's first, third, and fourth claims. (*Id.*). Finally, Judge Papak recommended dismissing MacFarlane's second claim (or set of claims) to the extent the claim(s) arises out of differences in parental-visit rights granted to MacFarlane and M. MacFarlane, without prejudice for lack of subject matter jurisdiction;

otherwise, however, . Judge Papak recommended these claim(s) should survive state Defendants' cross-motion to dismiss. (*Id.*).

Neither MacFarlane nor state Defendants filed objections to Judge Papak's Findings and Recommendations.

## DISCUSSION

The magistrate judge makes only recommendations to the court, to which any party may file written objections. The court is not bound by the recommendations of the magistrate judge, but retains responsibility for making the final determination. The court is generally required to make a de novo determination regarding those portions of the report or specified findings or recommendations as to which an objection is made. 28 U.S.C. § 636(b)(1)(C). However, the court is not required to review, de novo or under any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the F&R to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). While the level of scrutiny with which I am required to review the F&R depends on whether or not objections have been filed, in either case, I am free to accept, reject, or modify any part of the F&R. 28 U.S.C. § 636(b)(1)(C).

Upon careful review, I agree with Judge Papak's recommendations and ADOPT the Findings and Recommendation [20] as my own opinion with one exception: to the extent MacFarlane's Fourth Claim is brought against any state Defendant other than the foster-parent Defendants, I find this claim should be dismissed without prejudice for failure to link any individual Defendant to the alleged constitutional deprivation. MacFarlane's Motion for Summary Judgment [8] is DENIED. State Defendants' Cross-Motion to Dismiss Complaint [15] is GRANTED in PART and DENIED in PART as follows: the minor-child plaintiffs are dismissed without prejudice as parties to this action; MacFarlane's 42 U.S.C. § 1983 claims

2 – OPINION AND ORDER

against S. Trommlitz-Leasia, L. Trommlitz-Leasia and / or Janice are dismissed with prejudice; MacFarlane's first, third, and fourth claims are dismissed without prejudice for lack of subject matter jurisdiction and for failure to allege the requisite causal connection between any defendant and the deprivation of a constitutional right; and MacFarlane's second claim (or set of claims), to the extent it arises from alleged differences in parental-visit rights granted to MacFarlane and M. MacFarlane, is dismissed for lack of subject matter jurisdiction. Otherwise, state Defendants' motion to dismiss is denied with respect to MacFarlane's second claim (or set of claims).

IT IS SO ORDERED.

DATED this 12 day of October, 2017.

MICHAEL W. MOSMAN
Chief United States District Judge